The fourth district appellate court of the state of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning. Morning. Morning. Our first case is People v. Loschen. I think I'm pronouncing that correctly. That's case number 4210695. Would counsel for appellate please identify yourself. Yes, thank you, Your Honor. Robert McIntyre of Acton and Snyder LLP in Danville for Mr. Loschen. Okay, thank you. And for the appellate? I'm David Manchin with the appellate prosecutor here on behalf of the state. Thank you, Mr. Manchin. As the two of you can see, one member of this panel, Justice Harris, is unable to participate in the Zoom hearing today. However, he has read the briefs. He's completely familiar with the case. And he will be listening to the audio recording of today's hearing. And he will ultimately fully participate in the final decision rendered by this court. Having said that, you may proceed, Mr. McIntyre. Thank you, Your Honor. May it please the court. First, to the extent that it's appropriate, I want to indicate that my filing and my argument is going to be critical of this particular decision by Judge Goodwin. Frankly, he and I are, I think, cordial colleagues. We both grew up in Kankakee County and found our way to Vermillion County. And so whatever I say, I hope is taken as a professional criticism and nothing inappropriate or personal. Now, having said that, I think the overall picture here essentially, in our view, is a case in which Judge Goodwin felt that he had been alerted to an impropriety. I expect this court is going to think it's an impropriety, though there is perhaps a reasonable argument that Mr. Lotion's communication with the jury doesn't rise to the level of an impropriety. But even were it an impropriety, that Judge Goodwin, essentially having been alerted to it, decided that he had no choice but to declare a mistrial. And it's essentially our global position, if you will, that contrary to the legal standard of finding that a manifest necessity exists for a mistrial, there was no manifest necessity. And essentially, the court had alternatives that his honor failed to consider. And I'm going to suggest an oral argument that actually, based on the briefs we've submitted, the first alternative was to just go ahead with the trial itself. Because in the cases now, admittedly, I've cited several cases involving refusals to grant defense motions for mistrial, but I think those are applicable when a mistrial is declared by the court or the state without the agreement of the defendant. Counsel, let me stop you there. Wouldn't there be a danger that the jurors who had contact with your client might hold that against him? And is it something the court needs to consider? Well, in two ways, I think so, yes. Number one, though, what he needs to consider under the street case, under those factors, one of the things the court needs to consider is if the trial goes ahead, what's the likelihood of a reversal based on what has taken place? And in this case, I think it's fairly clear that there wouldn't be any chance of a reversal. Number one, because I think we've cited at least one case, the Ward case, that basically says just from an unauthorized communication, there isn't any presumption of prejudice. We don't think the record supports any actual indication of prejudice. And so it's number one, we're suggesting that so far, based on the record that's there, even though one of the jurors apparently felt uncomfortable, there isn't any indication that that juror felt that they couldn't be fair. And so we're suggesting that perhaps his honor is looking out in what we would suggest a misguided way for Mr. Lotion. But on the other hand, there's no indication that the lack of comfort is going to be such that Mr. Lotion can't receive a fair trial from these jurors, even if one of the jurors felt improper. And I think in the Williams case we cited, there was testimony from one of the jurors that that juror felt they could no longer be fair and that felt that their fellow jurors had been perhaps exposed to some prejudice in the Williams court. Now, again, we're denying Williams's motion for a mistrial in that case, but there's an indication that the court says no, even though one juror might feel that they were prejudiced, that juror could be excused. And so you mentioned presumptions, no presumption of prejudice with the contact. I think you're citing the Ward case. In this particular scenario, we have all these different contacts. The number of contacts, does that affect the presumption potentially? It could, though I want to indicate, and I don't necessarily agree with the appellee's brief that there were eight jurors contact. There are, again, that's fair, but this is this is repeated contact. So, with regard to the no presumption of prejudice with contact with each contact, wouldn't that affect the prejudice potentially for the court looking at totality of the circumstances and going forward? Well, it occurs to me in looking at the record of the hearing on our motion to dismiss, I would say the record overall, the worst that it reflects on behalf of Mr. Lotion is a misguided attempt to ingratiate himself with the jurors. There isn't any indication or I think responsible inference that he was actually trying to make any sort of pitch as far as what the evidence was going to be. In other words, that or even even that he was innocent. It's just more of an attempt to, I suppose, ingratiate himself with the jurors by, you know, by common. You know, common courtesy. And frankly, nothing more than we lawyers do when we're vordering, though, you know, not I'm not saying that's, you know, that's inappropriate. I think that's perfectly fine in a courtesy setting and in an open court where everybody sees what's going on. So I'm not trying to say that that that means Mr. Lotion can go over the lunch hour and say howdy to the jurors. Don't get me wrong. But on the other hand, you can see where I would suggest and see where a lay person might be, you know, a little bit misled in the thinking that somehow you a good thing to do. Well, let me let me pick up on that. You use the term lay person. Jurors are lay people. We all know the trial judge's paramount responsibility to see that the defendant's rights are protected and he receives a fair trial. The state has a right to fair and impartial jurors. But what about the court's responsibility to be sure that the jurors feel comfortable, aren't threatened, things of that nature? These are lay people. These aren't you know, these arguments aren't so controversial for us in the business. But what about lay people sitting on that jury and the judge's responsibility to see if they're comfortable and can still give the defendant a fair trial? Well, I think that could be in this case, I think that could have been addressed in some other fashion than just saying and essentially. And I think it's about the first or second page of the report of proceedings that, you know, Judge Goodwin takes the bench and says he's going to declare a mistrial. And either either Mr. Lotion will agree to what he's done or there will be a hearing. But in either event, it's going to be a mistrial. And I think that there's at least alternatives of either instructing the jury and saying, look, if anybody has approached you over the lunch hour, you know, that's inappropriate or, you know, admonish Mr. Lotion in the presence of the jurors. And even then following up, if there's to be an instruction and that like that, you can always give a limiting instruction in the same way that you've done, maybe when there's been inadmissible evidence stricken from the record or something like that to the effect of, you know, please don't, you know, I'm instructing you essentially not to hold that against either side. That's that's just let me just interject. That's an excellent argument. I, I am with you. The problem is, as a former trial judge litigator, I'm listening to this and I'm reminded that abuse of discretion gives the most deference to the trial court trial court from the best position, the trial court, the judges matters, the trial court did witness some of the defendant's actions. So how do we take this decision away from the trial judge? Well, and my suggestion, at least is on this record. You know, you know, there was a hearing and the testimony of the witnesses, I think, gives you the same information that Judge Goodwin had. I know in one of the street factors there, there is a reference to to essentially things that the trial judge is in a superior position to know. But here, his honor doesn't, you know, doesn't make reference other than to begin with. To begin with, he makes reference to what he's has been reported to him and appropriately so, by the way, by bailiffs and jurors. But once the hearing is done, it I think it's a fair inference that what the witnesses have said is all the information that Judge Goodwin had. And now it's it's been put on the record. And so I think in this case, you can look at it and say, well, was there an abuse of discretion based on what we're saying? And the other course, the other aspect of abuse of discretion is, I think. You know, it it needs, you know, at least it needs to seem that the judge, you know, made a decision weighing alternatives. And in this case, again, I think it's it's fair to say I've not seen I didn't see anything on the record that or the record made at the time of the of the order of the mistrial. That said, the judge had thought about anything other than a mistrial. So, you know, you at least ought to exercise discretion. That's a fair argument. And for sure, the court could have admonished the jury and continue the jury trial. But we'd expect that to be part of the analysis the court would go through prior to declaring in this trial. So had the court in this case, Judge Goodwin simply stated as part of his ruling, he considered that. How does that affect your argument? I, you know, I'm still I guess I'm still would would argue that even had he considered it and rejected it, he still had other alternatives to consider. One of the things, by the way, I wanted to disagree with in the Apple is brief. I know there's an assertion that Mr. Lotion, you know, the court could somehow reasonably conclude that no defendant would request a six person jury in the six person jury case we cited from the Illinois Supreme Court. It was it was the DuPage County State's attorney's office complaining about defendants requesting six person juries. You know, that was it was Joe Burkett, who is now, of course, an appellate justice saying, hey, wait a minute. No, if you want to trial, it's a 12 person jury and defendants were saying, no, give us six. And the Supreme Court said that was fine. But that was, you know, that case was was taken because defendants like six person juries and Mr. Burkett did not. And then just I want to clarify, you do not dispute that our standard of review is abuse of discretion. Judge, I, you know, I that's that's what the case is telling me. And I don't think in this case, I don't think it's necessary to. Well, to review that, because I'm suggesting that at least in this particular case, you see, frankly, you see a lack of consideration of discretion and perhaps. And, you know, I think I think it's fair to say, I mean, Judge Goodwin obviously has made his record. I don't know that at the time he declared the mistrial, he thought he had discretion. You keep saying the time he declared the mistrial, maybe I misread the facts. Are you saying he declared the mistrial before he had the hearing? Is that what you're saying? Yes. Yeah, that's. Explain to me how that happened. Okay. Well, essentially, he had. Oh, I'm sorry. That's blade my hands on the wrong transcript. He had on. And. Oh, I'm sorry. Yeah, I don't have that transcript printed out. But I think it's fair to say on the on about looks like about page one or two of the reported proceedings that took place. Essentially what he what he took the bench addressed the parties and said, summarizing here, said that he had been told by court personnel that essentially Mr. Lotion had been had contacted parties or had contacted jurors during the lunch recess. And that essentially one of two things was going to happen. Either Mr. Lotion would admit to his conduct and he was going to declare a mistrial or there was going to be a hearing. Now, I did say if there was an if the hearing bore out what had been reported to him, then there was, you know, then I think he basically said in either event, there was going to be a mistrial. There was, he said there was going to be a mistrial regardless of what came out at the hearing. I think it's more the idea of you said there was going to be a mistrial if the hearing bore out what he had what had been reported to him over the over the noon hour. If somebody had said no that never happened. I mean, obviously he wouldn't. I think wouldn't. What's the malice in that I mean this could be as much I've been in this situation this could be as much as court docketing scheduling we've got other things other cases maybe going says look if these facts are borne out, we may have to declare a mistrial here that lets everybody know this won't be taking two days Charles Matt try this matter. Next case is up. I mean that can be scheduled as much as anything else. Well, but, or if it's scheduling I guess it troubles me that that's manifest necessity. But, but, and I, I hate, I hate, I hesitate to say malice. You know I think Judge Goodwin thought he was doing the right thing. In that sense, but I do suggest that that what that means is, unless something, unless different facts came out of the hearing he'd already decided there will be a mistrial. What's troubling is we're all trying to get into the mind of the trial judge and you argued, the judge didn't potentially believe he had discretion, but you know perhaps born out of the five or six instances of contact. The court is concerned about some type of prejudice entering the trial some way later because there's all these situations out there. So the courts worried about the integrity of the trial. So, I just, I think it's difficult to try to get into the court's mind because there's a lot going on. And the court is trying to see the both parties have a fair trial. Well, and, you know, and again I guess you know I'm not trying to say that, you know, that this is a horrendous call necessarily I do think, however, based on the, the, the cases and the record that it, you know, it was the wrong call. I mean there's still, you know, this, this trial could have been could have been well could have been saved. Could have been saved. And I think, you know, the inference that somehow the state would be prejudiced because, you know, Mr lotion was, you know, essentially trying to ingratiate himself with jurors is, I mean, I think that I suggest that speculation. Okay. My, my suggestion is okay. My suggestion is more likely to be the event. Thank you. Thank you. You're out of time but you'll have rebuttal. Mr mansion. Good morning, honest, a pleasant court counsel. In this case the trial court did not abuse his discretion in declaring. Oh, is it my is my video working now. It's on now. Okay, sorry about that. That's okay. My computer said it was working but. Sorry about that. Anyway, the abuse of discretion is determined by could any reasonable person in the judges position reach that same decision if no reasonable person to reach it. There's an abuse of discretion. And this court is not to decide, would we have reached the same decision and that is what counsel is arguing today is that we look at just the facts presented at the hearing and determine for yourself, whether or not a mistrial was warranted, but the court considered more than just the testimony that was presented at the hearing the trial court expressly referred to the defendants conduct in the courtroom in basically rushing out of the court. At when the jury was dismissed and trying to follow them as closely as possible so we do have the court judge making a decision based not only on the testimony, but on the defendants demeanor, and what he actions in the court, which are not before this court so that the deference that is entitled to the judge is should be applied here. There are a number of different factors that are going into a decision for a mistrial. Who caused the problem. Here's the defendants was a problem created intentionally, yes, the trial court, especially found that the defendant was trying to ingratiate the himself to the jury by painting himself as a good guy. Somebody who's not likely to go out committing crimes are beating up other people. The trial court expressly found that the defendants conduct in approaching five to eight jurors created a great danger of prejudice to both the state and the defendant. By the state was prejudice by the fact that the defendant was trying to bias the jury in his favor by appearing to be a nice guy, but the trial court said that at the same time, approaching the jury in that way can create a potential for a backlash. So I think the trial court considerations as to why he was ordering your style was completely proper because he was worried about both sides being potentially prejudice but the defendants deliberate misconduct in approaching these jurors. And the, the nature of the conduct is really striking you have him talking to one juror as are going down the stairs in the courthouse itself. He approaches to jurors in a restaurant, who report being uncomfortable uncomfortable at his approach, you then have him driving alongside jurors walking down the street talking to them from his moving vehicle for two to three minutes. If that does not create problems for a fair and impartial trial for both sides. I do not know what doesn't. So I think the trial court decision was eminently reasonable. The fact that he does not expressly on the record, discuss alternatives is irrelevant. He's presumed to know the law, and there's no requirement. I say cases as fact that the trial court discuss all alternatives. And I don't think there were any good alternatives doing this going to trial is problematic is, as Justice Kavanaugh said, you're, you're worried about the integrity of the judicial process when you've got a defendant who is approached this many jurors there's just too much problems with that to safely go on and I submit that had the trial court, not declared a mistrial this would in fact have been raised on appeal whether or not the defendant, whatever succeeded in the appeal but I'm certain that if it had gone to trial, the finished claim on appeal would be tragic should have declared a mistrial. And this is not a case where the court had prejudged the thing. What trial judge said was I was given information that the defendant has contacted witnesses. If the defendant admits to that, or if the witnesses are proved that that has happened, I will be a mistake trial to be clear that's not prejudging it. He only declared mistrial once it was proved. It had had so much contact with so many different witnesses. This is a case where Justice Kavanaugh said trial judge could have ruled either way. And it would not have been abusive discretion, because the factors are there. And it's just a how does he weigh them. And we, this court should defer to his judgment that this was just too much of a problem to proceed with this jury with with whatever instructions given to them, or to try to go with a jury of less than 12. Because what happens if you get a jury of six and one of them gets sick. Are you going to going to be able to get a. Can you get a valid verdict with five jurors. I think the option of a jury of less than 12 is ridiculous. Given the number of jurors and the defendant contacted. And what do you tell the jurors that are left. Why did there's six or seven other com comrades comrades suddenly disappeared over the lunch hour. So as you mentioned, I think, you know, it's a fair argument that the jury could have been admonished and this could have trial could have continued with the jury of six maybe an alternate. Maybe they accept the jury of five. Actually, I'm not sure about that particular point but I think that's a tough argument you're trying to make. I'm just saying that with the standard of review, and with the facts in front of this court. This trial court that the trial courts decision was not an abusive discretion, it was entirely reasonable for him to conclude that a mistrial is required. Fact that somebody else might have reached a different decision does not mean that he was abusing his discretion, because he was basing it not only on the testimony that was presented hearing, but on his own observations of the defendant in the courtroom in finding that the defendant was. I think the judge actually use the words jury tampering as is applied to the defense and the defendant was trying to make him appear to be something he's not trying to ingratiate himself to the jury trying to create bias in favor. And given the courts duty to give a fair trial to both sides. I, I think you made the correct decision here to say this conduct is just so egregious that that a mistrial is required, and I think that the his decision should be affirmed by this court. The trial just noted how persistent he wasn't doing this, the number of the jurors, the speed with which he left the courthouse and how he had to be restrained to kept keeping from leaving the courthouse courtroom. In the middle of the jury as they're leaving the courthouse. I think this is a poster child for a defendant trying to gain an advantage, and the trial court acted properly and saying no, you're not going to get an advantage. And I'm not going to let you prejudice the jury against you by your own conduct, we're going to start over again. I think there was a reasonable decision. Thank you, Mr mentioned Mr McIntyre Do you have any rebuttal. Well, well yes I do judge. With respect to the jury tampering that and that was kind of interesting and I didn't, I didn't brief for what it's worth to your honor decision perhaps it's not worth that much. Mr lotion actually started to testify and then as a result of the court's admonition decided not to testify and one of the things that court yeah actually kind of alluded to was jury tampering. Well, I think, you know, frankly, I think that's quite a stretch, and I think in, for instance, the word opinion that we we've cited speaks to that, that, and that is the one case where I think I was able to find it involved defendant, as opposed to some third party communicating with the juror, but wasn't the jury tampering comment interjected as part of the admonishment though we're not talking about the court is admonishing defendant testifies the state could essentially use what he's going to say to some other charges that's what that came into this case. Oh, I think so, but I mean I think it did, you know, the thought did. Because of that I think the thought did occur to his honor. You know, as Council says that while there might have been jury tampering but I think as you know, think I merely, I merely suggest that the record doesn't show jury tampering, and that you have that the word court to least would would disagree that that these efforts at ingratiation would be would be jury tampering in terms of what, and again in terms of what the defendant was doing the yeah the ingratiation is a fair argument, but I also would suggest that, you know, there's more to declaring a mistrial than just punishing the defendant. In this case for what we're suggesting isn't grounds for declaring a mistrial doesn't meet the manifest necessity standard. It, you know, it suggested well gee how are you going to deal with the jury and what would all you know we're kind of get down the rabbit hole there. But you know that's the kind of thing trial judges do all the time. If a jury juror has to be excused. And a lot of times you don't tell the jury why the, why the juror had. If the court had considered the one juror who said he felt comfort, he or she felt uncomfortable. And even the companion that jury, excusing those two and seating and alternate. You know, yeah, a lot of times the court doesn't say, you know, why you're, you know, your fellow jurors are gone. The court just says we've seated two alternates to jurors have been excused you're not to consider why that is. Those are those are everyday trial judge tasks and frankly tasks that Judge Goodwin, I think would have been well up to, and would have been able to well navigate. Had he thought that he had those choices. Thank you. I'll ask questions. Mr McIntyre your season council you make some excellent legal arguments here for us to consider. But I just want to get your answer because I want to get your thoughts on the remedy in this case, you know the defendants Fifth Amendment protections are sacred but here we have the defendant deliberately contact as many jurors as can over lunch hour. So really the defendant interjected the necessity to take up and consider him as Charles so I guess what I want to hear from you is your best argument on how this remedy is appropriate defendant interjected these issues. And the remedy is that he will not be tried for the underlying offense. And, you know, my suggestion is judge that I, you know, if it's unfair, you know, your honors can consider it, but my suggestion as far as Judge Goodwin's view point on this is that any such contact. However, innocuous must result in a mistrial. You know that there's no other way to save the situation no other way to go ahead with this, unless you know when when the jury has been impaneled and sworn. And I guess what I'm suggesting is that consideration needs to be given to the fact that even if Mr lotion has frankly been a bonehead and parenthetically I don't think he was trying to sabotage the trial and it's obvious he was actually wanting these you know, to Harry's trial rather than sabotage, but, but that that is, I guess I suggest that's not the law and. And if, if you declare a mistrial under those circumstances, then at least you need to be mindful or understand that it can result in former Jeopardy. Thank you. This is Kevin on Jimmy follow up question to that. No answer my question. Thank you. Okay. Thank you, Mr McIntyre, and also thank you Mr mentioned the cases submitted in the courthouse stands and recess.